# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. BONDS, *individually and on behalf of all others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>GMS MINE REPAIR & MAINTENANCE, INC.,<br><br>　　　　　Defendant. | 2:13-cv-1217<br>(Lead Action) |

## MEMORANDUM ORDER OF COURT

On July 1, 2014, the Court granted in part and denied in part Plaintiffs' Motion for FLSA Collective Action Certification and conditionally certified a collective action comprised of "All current and former non-exempt employees of Defendant, GMS Mine Repair & Maintenance, Inc., who were assigned to work at the Pleasant Grove Portal (entry point) of the Enlow Fork Mine (the "Enlow Fork Mine Employees") from February 1, 2012 to the present." (ECF No. 45). The Court also set forth the following directive in its Order:

> [T]he parties shall meet and confer in good faith on or before Wednesday, July 16, 2014 and submit a joint proposed notice and consent form on or before Wednesday, July 30, 2014 to be sent to all putative plaintiffs if thereafter approved by the Court; however, if the parties cannot agree on a joint proposed notice and consent form, they shall submit their separate proposals and a detailed letter brief apprising the Court in writing of the specific reason(s) why they were unable to do so, on or before Monday, July 21, 2014.

*Id.* Unfortunately, counsel could not reach an agreement and have submitted their separate proposed notices to the Court. *See* Pls.' Letter Br., ECF No. 48. For the reasons that follow, the Court will not approve either proposed notice.

The benefits of proceeding as a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). But "neither the statute, nor the courts, specifically outline what form court-authorized notice should take, nor what provisions the notice should contain." *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012) (citing *Lee v. ABC Carpet & Home*, No. 00 Civ. 0984(DAB), 2008 WL 2073932, at *1 (S.D.N.Y. May 9, 2008)) (alterations omitted).

The implementation of Notice to putative opt-in plaintiffs is instead left to the discretion of the district court which has the "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-La Roche Inc.*, 493 U.S. at 170-71. Certain basic principles, however, guide the exercise of this discretion. The United States Supreme Court "has admonished that district courts 'must be scrupulous to respect judicial neutrality." *Id.* at 174. To that end, the Supreme Court further cautioned that district courts "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.*

One treatise has recommended that notice should contain "'a description of some or all of the following: (1) the purpose of the notice; (2) the nature of the lawsuit filed and the relief being sought; (3) the proposed class composition; (4) the legal effect of joining the lawsuit; (5) the fact that the court has not taken any position regarding the merits of the lawsuit; (6) how to join the lawsuit; (7) the purely voluntary nature of the decision and the legal effect of not joining the lawsuit; (8) the prohibition against retaliation; and (9) the relevant contact information for any inquiries.'" *Salomon*, 847 F. Supp. 2d at 566 (quoting *ABA*, *The Fair Labor Standards Act*, 19–

78–79 (Ellen C. Kearns et al. eds., 2d ed. 2010)). Several district courts, including the undersigned, have previously followed this approach. *See Bland v. Calfrac Well Servs. Corp.*, 2:12-CV-01407, 2013 WL 4054594, at *2 (W.D. Pa. Aug. 12, 2013); *see also Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 169 (S.D.N.Y. 2014). Others have also advised putative opt-ins of the possibility that they may "be required to provide information, appear for a deposition, and/or testify in court." *Salomon*, 847 F. Supp. 2d at 566 (citing *Lee v. ABC Carpet & Home*, No. 00 Civ. 0984(DAB), 2008 WL 2073932, at *1 (S.D.N.Y. May 9, 2008)).

Bearing these standards in mind, the Court finds that the proposed forms of notice submitted by the parties are inadequate. Although Plaintiffs come close, they do not include some of the above-referenced descriptions, including the prohibition against retaliation.[1] The Court also finds that the explanations provided by counsel for their failure to agree on a form of notice—not a difficult task, to be sure—short on substance and rife with unnecessary criticisms of the opposing parties' proposal. For example, counsel apparently finds the formatting of Plaintiff's notice "unbecoming of a legal notice, and the wording condescending," stating that it "looks and reads more like a premium solicitation that one might find in a cereal box, or on the backside of matchbook cover, than a document designed to educate and to encourage thoughtful reflection on whether to join in a legal proceeding." These sorts of criticism hardly assist the Court and suggest that the parties did not make a good faith attempt in reaching an agreement.

Accordingly, the parties shall once again meet and confer **in good faith** on or before Wednesday, July 30, 2014 and submit a joint proposed notice and consent form on or before Wednesday, August 6, 2014 to be sent to all putative plaintiffs if thereafter approved by the

---

1. *See, e.g.*, *Bland v. Calfrac Well Servs. Corp.*, 2:12-CV-01407, 2013 WL 4054594, at *2 (W.D. Pa. Aug. 12, 2013) (approving the joint proposed notice and consent form filed at ECF No. 39-1); *see also Vargas v. Gen. Nutrition Centers, Inc.*, 2:10-CV-867, ECF No. 123 (W.D. Pa. Nov. 6, 2012) (approving the joint proposed notice and consent form filed at ECF No. 122 with one modification and one addition).

Court.  If the parties cannot agree on a joint proposed notice and consent form, they shall file a detailed letter brief apprising the Court in writing of the specific reason(s) why they were unable to do so, on or before August 6, 2014.  The Court will then decide the form of notice.

**SO ORDERED**, this 25th day of July, 2014

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: Derrek W. Cummings
Email: dcummings@mwcfirm.com
Larry A. Weisberg
Email: lweisberg@mwcfirm.com

Avrum Levicoff
Email: alevicoff@lsandd.net

(via CM/ECF)