# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. BONDS, *individually and on behalf of all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) 2:13-cv-1217 ) (Lead Action) ) |
| v. | ) ) |
| GMS MINE REPAIR & MAINTENANCE, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(d) (ECF No. 72) filed by GMS Mine Repair and Maintenance, Inc. ("GMS") with a brief in support (ECF No. 73). Plaintiff Joseph A. Bonds, individually and on behalf of all other similarly situated, filed a brief in opposition (ECF No. 74). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

GMS requests that the Court dismiss with prejudice the claim(s) of Opt-in Plaintiff Gasper A. Golden as a sanction for his failure to appear for a properly noticed deposition on two occasions. For his part, Golden admits that he did not appear at his first scheduled deposition because he was unable to obtain an excused absence from his employer, but he maintains that he never received notice of his second deposition.

Federal Rule of Civil Procedure 37(d) provides, in relevant part, that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

"Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)"—for instance, dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(d)(3).

The ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976) (per curiam)). Certain basic principles guide the exercise of this discretion. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The Court must consider and balance:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., The Firm*, 405 F. App'x 592, 595 (3d Cir. 2010) (quoting *Poulis*, 747 F.2d at 868) (emphasis omitted). "There is no 'magic formula' for balancing these factors, *see Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), nor must all of the factors be satisfied for a district court to dismiss a case, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir .2003)." *Id. See also Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) ("[T]he balancing of these factors is not a mechanical exercise . . . .").

Several of the *Poulis* factors weight in favor of dismissal. Mr. Golden does, of course, bear personal responsibility for his inexcusable failure to attend his first deposition. Moreover, Mr. Golden's attempt to justify his (unannounced) nonappearance does not make it any less willful. There is also a history of dilatoriness related to obtaining his deposition testimony, which GMS has twice attempted to secure. Against this backdrop, dismissal seems appropriate at first blush.

The United States Court of Appeals has, however, cautioned that dismissal is a "harsh remedy and should be resorted to only in extreme cases." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (citation omitted). *See also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits."). Lesser, alternative sanctions, short of dismissal include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, [and/or] the imposition of costs or attorney fees." *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 750 n.6 (3d Cir. 1982).

This fifth factor, along with the absence of any prejudice cited by GMS and the alleged meritoriousness of the underlying claim, weigh more heavily in favor of Mr. Golden. The Court therefore finds that an admonition is the most appropriate alternative at this time. After all, "[d]ismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869.

Let there be no doubt: any future disregard of the Federal Rules of Civil Procedure or non-participation in the discovery process by Mr. Golden will almost certainly lead to the dismissal of his claim along with the imposition of monetary sanctions. If Mr. Golden no longer wishes to continue to participate in this matter, he should withdrawal from it instead of wasting the time and resources of counsel and the Court. Counsel for the collective should make clear to Mr. Golden in no uncertain terms of his obligations as a party-plaintiff should he remain as a party-plaintiff in this collective action

**SO ORDERED**, this 21st day of November, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

3

cc: Derrek W. Cummings
Email: dcummings@mwcfirm.com
Larry A. Weisberg
Email: lweisberg@mwcfirm.com

Avrum Levicoff
Email: ALevicoff@LevicoffLaw.com
Sunshine R. Fellows
Email: Sfellows@LevicoffLaw.com