IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. BONDS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GMS MINE REPAIR & MAINTENANCE, INC.,<br><br>Defendant. | 2:13-cv-1217<br>(Lead Action) |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court are the Letter Briefs and Supplemental Proposed Discovery Plans filed by Plaintiff Joseph A. Bonds, individually and on behalf of all other similarly situated (ECF No. 75); and Defendant GMS Mine Repair and Maintenance, Inc. ("GMS" or "Defendant") (ECF No. 76) in which they set forth their respective positions on the size and scope of written and oral discovery. The issue is ripe for disposition.

### I. Background

Bonds initiated this case at Civil Action No. 13-1217 on August 23, 2012, on behalf of himself and all others similarly situated, by filing a two-count Complaint in which he alleges that GMS violated the Fair Labor Standards Act ("FLSA"), the Pennsylvania Wage Payment and Collection Act, and the Pennsylvania Minimum Wage Act. On October 11, 2013, Bonds filed another Complaint against GMS at Civil Action No. 13-1480 in which he avers that it violated the anti-retaliation provision of the FLSA. The Court consolidated the two actions on October 16, 2013.

A motion for conditional certification followed. On July 1, 2014, the Court conditionally certified a collective action comprised of: "[a]ll current and former non-exempt employees of

Defendant, GMS Mine Repair & Maintenance, Inc., who were assigned to work at the Pleasant Grove Portal (entry point) of the Enlow Fork Mine (the "Enlow Fork Mine Employees") from February 1, 2012 to the present."

The Court ultimately approved the parties joint proposed notice and consent form after it initially found that the parties' separate proposals were not adequate. Relevant here, the notice and consent form states that "[w]hile this case is proceeding, you [the opt-in] may be required to provide information, answer written questions, appear for a deposition or otherwise participate in the case." (ECF No. 50 at 3).

During the pendency of the opt-in period, the Court issued an Order in which it directed the parties to file a joint proposed discovery plan for the next phase(s) of discovery in which they were to address the length and sequence of discovery, the use of representative sampling, the parameters of written and oral discovery, and the timing of and/or deadlines for filing dispositive motions and final certification/decertification motions. In that Order, the Court also included a footnote in which it directed the parties to two examples of joint discovery plans which have previously been approved: *Bland v. Calfrac Well Services, Corp.*, 2:12-cv-01407-TFM, ECF No. 53 (W.D. Pa. Dec. 23, 2013); *Vargas v. General Nutrition Centers, Inc.*, 2:10-cv-867-TFM, ECF No. 142 (W.D. Pa. Nov. 26, 2013). On October 29, 2014, the parties filed their "Joint Proposed Discovery Plan" which hardly complied with this Court's earlier Order.

Nevertheless, on November 6, 2014, Plaintiffs filed one-hundred-and-fifty-seven (157) Opt-in Consent to Join Forms (ECF Nos. 63-70). The Court held a telephonic status conference on November 7, 2014 during which it instructed the parties to submit a supplemental joint

proposed discovery plan or separate proposals if they were unable to agree.[1] Based on the most-recent filings, the parties have reached an apparent impasse on this issue.

GMS seeks to subject each op-in Plaintiff to written discovery in the form of a questionnaire with five interrogatories and to select a representative sample of twenty-five individuals to whom an additional ten written interrogatories will be served and from whom depositions may be taken. In support of its position, GMS highlights that each opt-in has chosen to engage in this collective action as a "party-plaintiff," contends that it needs limited written discovery to assist in its expected decertification argument that plaintiffs are not "similarly situated" and to assess whether each opt-in is properly included in the collective, and argues that denying at least some limited discovery deprives it of due process.

Plaintiffs seek to limit that approach. In their filing, Plaintiffs propose a representative sample size consisting of twenty-percent of the conditionally-certified collective. From those thirty-two individuals, Plaintiffs would serve ten interrogatories and eight document requests and notice sixteen of them for depositions.

## II. Discussion

The parties have not cited, and this Court has not found, any binding precedent in the Third Circuit that defines the proper scope of discovery in a conditionally-certified FLSA collective action. But this Court does not write on a blank slate as other district courts have weighed in on the issue. *See Scott v. Bimbo Bakeries USA, Inc.*, No. CIV.A. 10-3154, 2012 WL 6151734, at *4 (E.D. Pa. Dec. 11, 2012); *see also Craig v. Rite Aid Corp.*, No. 4:08-CV-2317,

---

1. During the telephonic status conference, counsel for GMS notified the Court that Defendant would seek to depose each party-plaintiff. By the Court's count, there are one-hundred-and-sixty-one party plaintiffs in this action—*i.e.*, the one-hundred-and-fifty-seven November 6, 2014 opt-ins along with Bonds and three other individuals who had previously filed their consent forms. (ECF Nos. 2, 15, 35, 36).

2011 WL 9686065, at *3 (M.D. Pa. Feb. 7, 2011); *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006).

Generally speaking, "there are 'two lines of cases regarding individualized discovery in opt-in class actions:' one allowing all opt-in plaintiffs to be subject to discovery and one allowing only a sample of opt-in plaintiffs to be subject to discovery." *Forauer v. Vermont Country Store, Inc.*, No. 5:12-CV-276, 2014 WL 2612044, at *2 (D. Vt. June 11, 2014) (quoting *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004)). Those district courts which have concluded that large-scale individualized discovery is not appropriate in FLSA collective actions have held that they should apply the same standards as are used in Rule 23 class actions. *See id.* (collecting cases). Often times, those courts have "authorized a defendant to depose only 'a statistically significant representative sampling' of the plaintiffs, particularly when the opt-in plaintiffs are numerous." *Id.* (quoting *Smith*, 236 F.R.D. at 357-58).

Other district courts have treated "'opt-in plaintiffs in a [FLSA] collective action as ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure.'" *Id.* (quoting *Khadera v. ABM Indus. Inc.,* 2011 WL 3651031, at *2 (W.D. Wash. Aug. 18, 2011)). Those decisions focus on the two-part framework used in FLSA collective actions—the second step of which requires the Court to "'make[ ] a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff.'" *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013) (quoting *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 193 (3d Cir.2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013). And "[b]ecause of this second step in which a defendant can seek de-certification, 'numerous' courts have held that it is 'essential for a defendant to take individualized discovery of the opt-in plaintiffs to determine if they are

4

"similarly situated" within the meaning of [the] FLSA.'" *Id.* (quoting *Khadera*, 2011 WL 3651031, at *3 (collecting cases)).

GMS proposes a third, hybrid-like, approach: the use of representative sampling for oral and written discovery with the exception of a five-part questionnaire to be sent to the collective. For many of the reasons set forth in GMS' Letter Brief, the Court finds that this request is not unduly burdensome on the party-plaintiffs or counsel.[2] The Court will, therefore, permit this practice. As for the other points of disagreement among the parties, the Court will take the middle approach.

### III. Conclusion

For the reasons hereinabove stated, the Court will adopt in part and reject in part aspects of the parties' Supplemental Proposed Discovery Plans. An appropriate Order follows.

McVerry, J.

---

2. Much like several other courts, this Court does not agree that the use of representative discovery violates a parties' due process rights. See Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 188, 192 (S.D.N.Y. 2014); *Gentrup v. Renovo Servs., LLC*, No. 1:07-CV-430, 2010 WL 6766418, at *7 (S.D. Ohio Aug. 17, 2010); *Nelson v. Am. Standard, Inc.*, No. 208-CV-390-TJW-CE, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH A. BONDS**, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> **GMS MINE REPAIR & MAINTENANCE, INC.,** <br><br> Defendant. | 2:13-cv-1217 <br> (Lead Action) |

## ORDER OF COURT

AND NOW, this 25th day of November, 2014, upon consideration of the Letter Briefs and Supplemental Proposed Discovery Plans filed by Plaintiff Joseph A. Bonds, individually and on behalf of all other similarly situated (ECF No. 75); and Defendant GMS Mine Repair and Maintenance, Inc. ("GMS" or "Defendant") (ECF No. 76) (collectively, "the parties"), it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

**I.** **Discovery Timeframe:** The discovery period shall extend to May 15, 2015. All interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed and depositions taken prior to the close of discovery.

**II.** **Sequence of Discovery:** Final certification / decertification and merits discovery shall proceed simultaneously.

**III.** **Parameters of Written and Oral Discovery / Use of Representative Sampling**

    **A. Discovery to be Provided by the Collective:** All named and opt-in Plaintiffs shall be subject to a set of five written interrogatories. Those interrogatories are as follows:

1. State the dates during which you were assigned to work at the Pleasant Grove Portal.

2. What was your residential address for each period during which you were assigned to work at the Pleasant Grove Portal?

3. For each period during which you were assigned to work at the Pleasant Grove Portal, state whether you travelled to and from work by car. If so, (a) state whether you traveled to and from work in your own vehicle; and (b) how frequently you travelled to and from work in a vehicle belonging to another person, and for those occasions, identify that person.

4. For each period during which you were assigned to work at the Pleasant Grove Portal, state you typical departure time from home, arrival time at work, and typical commute times to and from work.

5. State whether you were ever randomly selected for a post-shift drug or alcohol test, and if so, state how many times and on what dates.

These five interrogatories shall be served by Defendant immediately upon the Court's issuance of this Order. Within **fourteen (14)** days after receiving Plaintiffs' answers to the above questions, Defendant shall select a representative sample of **twenty (20)** Plaintiffs to whom to an additional **ten (10)** written interrogatories and an accompanying **eight (8)** document requests (per individual) will be served, and from whom depositions may be taken. Within a reasonable time after receiving answers to the additional **ten (10)** interrogatories, Defendant will make a determination as to which, if any of the **twenty (20)** representative Plaintiffs will be scheduled for depositions.

B. **Discovery to be Provided by GMS:** Within **twenty-eight (28)** days of this Order, Defendant shall provide to Plaintiffs supplemental responses to requests number two (2), six (6) and seven (7) of Plaintiffs' previously served First Request for Production of Documents and Things, to include responsive documentation for all current opt-in plaintiffs. Plaintiff shall have the option to take the deposition(s) of up to and

including **five (5)** of Defendant's managers who were not previously deposed in this matter.

IV. **Post-Discovery Status Conference:** The Court shall conduct a post-discovery status conference at the request of the parties. Counsel shall instruct their clients or principals to attend or be available by telephone to facilitate the amicable resolution of the litigation. **Trial counsel must attend**.

V. **Motion(s) Practice:** The parties shall file motions for final certification and/or decertification on or before **June 15, 2015**. The Court will thereafter issue a briefing schedule for dispositive motion(s) practice.

VI. **Reservation of Rights:** Except to the extent expressly authorized in this Order, all potential objections to discovery are reserved. The parties may seek additional discovery for good cause shown, if necessary, based on the results of the discovery contemplated herein.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge