# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. BONDS, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> GMS MINE REPAIR & MAINTENANCE, INC., <br><br> Defendant. | 2:13-cv-1217 <br> (Lead Action) |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT'S MOTION TO DISMISS 25 OPT-IN PLAINTIFFS (ECF No. 90) filed by GMS Mine Repair and Maintenance, Inc. ("GMS") with a brief in support (ECF No. 91). Plaintiff Joseph A. Bonds, individually and on behalf of all other similarly situated, filed a brief in opposition (ECF No. 93). For the reasons that follow, the motion is **GRANTED IN PART AND DENIED IN PART.**

On November 25, 2014, this Court entered an Order in which it permitted GMS to serve written discovery on all named and opt-in Plaintiffs, limited to a set of five interrogatories. (ECF No. 78). The following day, GMS served its First Set of Interrogatories on each of the one-hundred-and-sixty (160) party-plaintiffs. At the request of Plaintiffs, GMS agreed to extend the deadline for their responses from December 26, 2014 to January 26, 2015. By February 9, 2015, GMS had received responses from only one-hundred-and-seventeen (117) of the party-plaintiffs. The parties thereafter conferred and stipulated to the dismissal of seven (7) individuals. As of March 17, 2015, twenty-five (25) individuals (the "Non-Responsive Opt-ins") have not yet responded to GMS' First Set of Interrogatories.

GMS now suggests that the Non-Responsive Opt-in's apparent recalcitrance indicates their desire to no longer participate in this litigation and moves for their dismissal with prejudice. In the alternative, GMS requests that this Court compel the Non-Responsive Opt-ins to provide verified answers to the First Set of Interrogatories within ten days of this Order. Plaintiffs urge this Court to adopt the latter approach. Although GMS' position has merit, the Court will not dismiss the Non-Responsive Opt-ins at this time.

"There is scant case law concerning the appropriate sanction for opt-in Plaintiffs who fail to respond to individualized discovery authorized by the court in an FLSA action." *Davis v. Westgage Planet Hollywood Las Vegas*, LLC, 2:08-CV-00722, 2010 WL 5490775, at *3 (D. Nev. Nov. 8, 2010). However, those courts which have weighed-in on this issue have generally provided notice to non-responsive opt-in Plaintiffs of the available sanctions for their apparent refusal to participate in the discovery process or have entered an order to show cause why their claims should not be dismissed. *See e.g.*, *Dinkel v. Medstar Health Inc.*, -- F.R.D. --, CV 11-0998 (CKK), 2014 WL 2885692, at **4-7 (D.D.C. June 26, 2014) (explaining that it would provide opt-in Plaintiffs a final thirty-day extension in which to comply with their discovery obligations and to show causes why their claims should not be dismissed); *Hinterberger v. Catholic Health Sys., Inc.*, 284 F.R.D. 94, 104 (W.D.N.Y. 2012), *reconsideration denied*, 08-CV-380S F, 2012 WL 4800973 (W.D.N.Y. Oct. 9, 2012) ("With regard to Defendants' request to dismiss the FLSA claims as to all randomly-selected opt-in Plaintiffs in both the first and second sample groups who have failed to comply with Defendants' discovery requests, the sanction of dismissal is extremely harsh and rarely imposed for a first discovery violation.")*; see also Walters v. Am. Coach Lines of Miami, Inc.*, 07-22000-CIV, 2009 WL 8694737 (S.D. Fla. May 12, 2009) ("When faced with FLSA class members who have failed to respond to discovery

requests, many courts have refused to impose the most drastic of sanctions—dismissal."). This Court will follow that approach.

On or before April 17, 2015, the Non-Responsive Opt-ins shall show cause why their respective claims should not be dismissed with prejudice for failure to cooperate in the discovery process. Any Non-Responsive Opt-in who seeks to remain as a party-plaintiff in this collective action shall promptly comply with the outstanding discovery requests. Each Non-Responsive Opt-in shall further provide to Plaintiffs' counsel a written explanation for their prior failure to respond to or participate in discovery, which shall be produced to GMS forthwith. Failure to do so may result in dismissal with prejudice or other appropriate sanctions. The parties shall thereafter meet and confer in good faith to identify which parties—if any—may remain as a plaintiff in this case. The Court strongly encourages counsel to work together should any issue arise in order to expedite this phase of the litigation and to prevent further delay.

**SO ORDERED**, this 1st day of April, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: Derrek W. Cummings
Email: dcummings@mwcfirm.com
Larry A. Weisberg
Email: lweisberg@mwcfirm.com

Avrum Levicoff
Email: ALevicoff@LevicoffLaw.com
Sunshine R. Fellows
Email: Sfellows@LevicoffLaw.com